IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEON LEE MEYERS,                            No. C-11-4282 TEH (PR)

        Plaintiff,
                                            ORDER OF DISMISSAL
    v.

JOSEPH HURLEY, et al.,

        Defendants.
                                    /

    Plaintiff, a California state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that numerous errors during his 2006-2007 criminal trial violated his constitutional rights. He also alleges that these errors constituted a violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Doc. #1-1 at 8, 16. He has named the following persons and entities as defendants: Judges Joseph Hurley, Gloria Rhynes, Don Clay, Richard Kalustian, and Tom Reardon; Justices Simons, Needham, and Bruiniers; former Chief Justice George; Governor Jerry Brown; the County of Alameda, and the State of California. He requests that the Court

dismiss his underlying criminal conviction and strike down discriminatory laws. He also seeks $5 million in damages. For the reasons set forth below, Plaintiff's complaint is DISMISSED.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

A

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that his constitutional rights were violated when he was denied advisory counsel, a speedy trial (Doc. #1-1 at 6, 7-8), a legal runner (Doc. #1-1 at 12), the right to present an affirmative defense (Doc. #1-1 at 14), and when certain pre-trial and trial motions were denied (Doc. #1-1 at 10, 15).

Plaintiff's 1983 claims are deficient in various ways.

First, to the extent that Plaintiff seeks release from custody by challenging the validity of his 1997 criminal conviction, that challenge must be brought solely by way of a petition for writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681–82 (9th Cir. 1984).

Second, Plaintiff's civil suit against Defendants concerning actions they took that led to his allegedly unconstitutional conviction are not cognizable under 42 U.S.C. § 1983 under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486–87 (footnote omitted).  Because Plaintiff has not shown that his conviction has been reversed, expunged, set aside or called into question, his civil suit against Defendants is not cognizable under 42 U.S.C. § 1983.  Id. at 487.

Third, Plaintiff's claims against state court judges, the State of California and Governor Jerry Brown are barred by either

3

1  judicial immunity or the Eleventh Amendment.

2          Plaintiff's claims against state court judges Joseph
3  Hurley, Gloria Rhynes, Don Clay, Richard Kalustian, and Tom Reardon;
4  state court justices Simons, Needham, and Bruiniers; and former
5  Chief Justice George for actions taken during his criminal trial and
6  subsequent appeals, are barred because state court judges are
7  entitled to absolute immunity from civil liability for acts
8  performed in their judicial capacity.  See Pierson v. Ray, 386 U.S.
9  547, 553-55 (1967) (applying judicial immunity to actions under 42
10 U.S.C. § 1983).

11         Plaintiff's claims against the State of California are
12 barred by the Eleventh Amendment.  Alabama v. Pugh, 438 U.S. 781,
13 782 (1978); Edelman v. Jordan, 415 U.S. 651, 676-77 (1974).

14         Plaintiff's claims against Governor Jerry Brown in his
15 official capacity are also similarly barred by the Eleventh
16 Amendment.  Suits against state officials acting in their official
17 capacity are not cognizable under § 1983 because a suit against a
18 state official in his official capacity is not a suit against the
19 official but rather a suit against the official's office, i.e., the
20 state.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71
21 (1989).  Although the Young exception (see Ex parte Young, 209 U.S.
22 123, 159-60 (1908)) allows for a § 1983 suit seeking prospective
23 injunctive relief from unconstitutional state action to be brought
24 against a state official in his official capacity, plaintiff does
25 not seek prospective relief.  Plaintiff is challenging the legality
26 of his criminal conviction, seeking monetary damages related to his

27

28                                  4

allegedly unconstitutional conviction, and seeking to reverse discriminatory laws. Challenges to a criminal conviction do not give rise to prospective relief. See United Mexican States v. Woods, 126 F.3d 1220, 1223 (1997) (criminal conviction or sentence is not dynamic event, to be examined in prospective fashion; rather, criminal proceeding consists of series of events, facts of which are fixed, which must be examined retrospectively). A request for prospective injunctive relief which requires the state to provide monetary relief for past behavior is, in substance, a claim for retroactive relief. See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1512 (9th Cir. 1994).

For the reasons stated above, plaintiff's § 1983 claims are DISMISSED with prejudice as to state court judges Joseph Hurley, Gloria Rhynes, Don Clay, Richard Kalustian, and Tom Reardon; state court justices Simons, Needham, and Bruiniers; former Chief Justice George; the State of California, and Governor Brown in his individual capacity. Plaintiff's remaining § 1983 claims are DISMISSED without prejudice to Plaintiff raising them in a petition for a writ of habeas corpus.

B

To state a claim under the ADA, a plaintiff must allege four essential elements:

>    (1) the plaintiff is an individual with a disability;
>    (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
>    (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated

5

>       against by the public entity; and
>       (4) such exclusion, denial of benefits, or discrimination was
>       by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); cf. Olmstead v. Zimring, 527 U.S. 581, 589-91 (1999) (essentially same showing required to state cause of action under Section 504 of the Rehabilitation Act).

Plaintiff claims that the court's failure to provide him with advisory counsel, and the use of jury instructions referencing the "reasonable person" were violations of the ADA. Plaintiff's ADA claims are without merit.

First, Plaintiff was not denied advisory counsel because of his disability. Although "a court *may*, in its discretion, appoint counsel to 'render ... advisory services' to a defendant who wishes to represent himself, in order to promote orderly, prompt and just disposition of the cause," People v. Garcia, 78 Cal. App. 4th 1422, 1430 (Cal. Ct. App. 2000), it is not required to do so. However, it appears from the record that Plaintiff was appointed advisory counsel for a specified issue (Doc. #3 at Exh. C). To the extent that Plaintiff sought advisory counsel for all other trial-related issues, it appears that the trial court determined that Plaintiff's case was not complicated enough to mandate the appointment of advisory counsel. Plaintiff's underlying argument appears to be that he is uniquely entitled to advisory counsel because of his disability. This does not state a claim under the ADA in that plaintiff was not denied the benefit of advisory counsel because of his disability. Thompson, 295 F.3d at 895.

Second, the use of standard jury instructions which reference a "reasonable person" does not constitute a violation of the ADA.  Liberally construed, Plaintiff argues that because he is mentally disabled, "reasonable person" jury instructions discriminate against him by requiring him to behave according to a standard of which he is not capable, due to his mental disability. Plaintiff was free to raise his diminished capacity as an affirmative defense.  See Cal. Penal Code § 28 ("Evidence of mental disease, mental defect, or mental disorder is admissible solely on the issue of whether or not the accused actually formed a required specific intent, premeditated, deliberated, or harbored malice aforethought, when a specific intent crime is charged.").

III

Plaintiff's § 1983 claims that challenge the validity of his conviction are DISMISSED without prejudice to Plaintiff raising them in a petition for a writ of habeas corpus.  Plaintiff's remaining § 1983 claims and his ADA claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED   04/05/2012

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.11\Meyers-11-4282-dismissal.wpd

7